■ PASQUA D'AGOSTINO, Appellant, v LISA K. SCHOONMAKER, Respondent. [705 NYS2d 701] —Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered December 15, 1998 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

The instant appeal has its genesis in an underlying matrimonial action between plaintiff's son, Luigi Audi, and his spouse. In the context of that action, Supreme Court ordered that Audi and his spouse refrain from encumbering certain real property owned by them and located at 163 Dahlia Street in the City of Schenectady, Schenectady County. Prior to the completion of the court-ordered sale of that parcel, Audi executed a note and mortgage in favor of plaintiff, thereby creating a lien on the property in violation of Supreme Court's previous order. Supreme Court, *inter alia,* found Audi to be in contempt and reformed the note and mortgage, resulting in a promissory note solely between plaintiff and Audi. Pursuant to the terms of Supreme Court's October 1994 order in this regard, the promissory note could be satisfied from the net proceeds from the sale of the Dahlia Street parcel or at the option of plaintiff in accordance with the terms of the note.

Following the sale of the parcel, the net proceeds were placed in an escrow account maintained by defendant, the attorney-of-record for Audi's spouse in the underlying matrimonial action. Ultimately, defendant disbursed such funds in accordance with a January 1996 order of Supreme Court. Thereafter, in October

1997, plaintiff commenced this action against defendant, setting forth causes of action sounding in fraud, conversion, negligence, breach of contract and breach of fiduciary duty based upon defendant's failure to utilize the escrow funds generated by the sale of the Dahlia Street property to satisfy Audi's obligation on the promissory note to plaintiff. Supreme Court, upon proper notice to the parties, converted defendant's subsequent motion to dismiss pursuant to CPLR 3211 to one for summary judgment dismissing the complaint and granted the requested relief, prompting this appeal by plaintiff.

Plaintiff, as so limited by her brief, contends simply that there is a question of fact as to whether defendant breached her fiduciary duty as an escrow agent and, hence, Supreme Court erred in granting summary judgment dismissing such cause of action. We cannot agree. In this regard, it is well settled that defendant not only had a contractual duty to follow the terms of the escrow agreement but, further, assumed a fiduciary duty with respect to anyone with a beneficial interest in the escrow account (*see*, *Takayama v Schaefer*, 240 AD2d 21, 25). The flaw in plaintiff's argument on this point lies in her assertion that she had a beneficial interest in the subject escrow account.

Whatever inconsistencies may exist between the text of Supreme Court's September 1994 bench decision and its October 1994 order, the record makes clear that Supreme Court, in reforming the note and mortgage executed in favor of plaintiff, intended to make the resulting promissory note Audi's sole obligation. Although Audi was directed by Supreme Court to purchase an annuity contract or deposit sufficient funds in escrow to guarantee his payment in this regard, the record fails to substantiate plaintiff's assertion that defendant was obligated to use the escrow account containing the net proceeds from the sale of the Dahlia Street property to satisfy Audi's debt to plaintiff. Indeed, accepting plaintiff's argument on this point and using the sale proceeds to satisfy that debt would render Supreme Court's reformation of the underlying note and mortgage meaningless, as it would effectively result in a pledge of marital property to secure what Supreme Court plainly viewed as Audi's personal obligation. Plaintiff's remaining arguments on this point have been examined and found to be lacking in merit.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.